UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| PAMELA CASTLE,<br>*Plaintiff* | ) ) ) | CIVIL ACTION NO.: |
| versus | ) ) ) | SECTION: |
| MARCELLA BONNESEN,<br>JOHN CHRISTNER TRUCKING, INC.<br>AND ACE AMERICAN<br>INSURANCE COMPANY,<br>*Defendants* | ) ) ) ) ) ) | MAGISTRATE: |

## NOTICE OF REMOVAL

TO:    Clerk of Court
        United States District Court
        Middle District of Louisiana
        777 Florida Street
        Baton Rouge, LA 70802

Pursuant to 28 U.S.C. § 1441, *et seq.*, Defendants John Christner Trucking, LLC (erroneously designated as John Christner Trucking, Inc.), and Ace American Insurance Company ("ACE")(collectively "the defendants"), by and through the undersigned counsel, hereby give notice of the removal of this action from the Nineteenth Judicial District Court, Parish of East Baton Rouge, State of Louisiana, to the United States District Court for the Middle District of Louisiana. In support of this Notice of Removal, the defendants state as follows:

1. Pamela Castle ("Plaintiff") originally commenced this action through filing her *Petition for Damages* in the Nineteenth Judicial District Court for the Parish of East Baton Rouge styled *Pamela Castle versus Marcella Bonnesen, John Christner Trucking, Inc. and Ace American Insurance Company*, bearing civil action number 584839, Section 23 on or about November 23, 2009.

2. A citation and a copy of the Petition were served on the Louisiana Secretary of State, as purported agent of ACE, on or about February 15, 2009.

3. Service on John Christner Trucking, LLC was received by mail on February 19, 2010.

4. Service on Marcella Bonnnesen, sought to be made defendant, has not been made at this time.

5. The United States District Court for the Middle District of Louisiana is the Court embracing the place wherein where this action is pending in state court.

6. This Removal is effected and has been timely filed within thirty (30) days of the first removing Defendant being served with process and within one (1) year after commencement of the action, as allowed by 28 U.S.C. § 1446(b), and all served defendants have joined in the removal.

7. The United States District Court for the Middle District of Louisiana has jurisdiction over this matter which is properly removed to this Court pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

8. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon the defendants is attached hereto as Exhibit "A."

## I. <u>Complete Diversity of Citizenship Jurisdiction</u>

9. This action is properly removed to this Court pursuant to 28 U.S.C. §§ 1332 and 1441, in that all properly joined and served parties are of diverse citizenship, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

10. Upon information and belief, and according to the *Petition*, at all material times, the Plaintiff was a domiciliary of the State of Louisiana.

11. Upon information and belief, at the time of the filing of the *Petition for Damages* and at all times thereafter, John Christner Trucking, LLC, ("Christner") was and is a foreign corporation domiciled in the State of Oklahoma with its principal place in Oklahoma. See Oklahoma Secretary of State Website, https://www.sooneraccess.state.ok.us/corp_inquiry/corp_inquiry-find.asp, a copy of which is attached hereto as Exhibit as Exhibit "B."

12. At the time of the filing of the Petition for Damages and at all times thereafter, ACE was and is incorporated under the laws of the State of Pennsylvania with its principal place of business at 436 Walnut St., Philadelphia PA 19106. See Pennsylvania Department of State Website, https://www.corporations.state.pa.us/corp/soskb/Corp.asp?1651122, a copy of which is attached hereto as Exhibit "C."[1]

13. Therefore, there is complete diversity of the parties as none of the defendants are domiciled in Louisiana, the Plaintiff's state of domicile.

---

[1] Though this Honorable Court need not consider the domicile of defendants who have not been served, upon information and belief, at the time of the filing of the *Petition for Damages* and at all times thereafter, Marcella Bonnesen was and is a domiciliary of Michigan.

## II. <u>Amount in Controversy</u>

14. Plaintiff's *Petition* prayed for "such damages as are reasonable in the premises." See Petition at Prayer. In a delictual action such as this, the Louisiana Rules of Civil Procedure prohibit a plaintiff from including any "specific monetary amount of damages" in an original Petition ". . . except that if a specific amount of damages is necessary to establish . . . the lack of jurisdiction of federal courts due to insufficiency of damages . . . a general allegation that the claim exceeds or is less than the requisite amount is required" La.C.C.P. 893. Plaintiff failed to provide any such general allegation in her *Petition*. Accordingly, there is a presumption in favor of finding that the amount in controversy exceeds the amount necessary for federal jurisdiction. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000).

15. Plaintiff alleges in her *Petition* that she was involved in a motor vehicle accident on January 21, 2009. See Petition at ¶ 4. Plaintiff further claims that, as a result of the subject accident, she has "suffered extremely painful and enduring personal injuries and damages including, but not limited to, injuries to her neck, back, head, legs and shoulders." Petition at ¶ 7. Further, Plaintiff alleges she is entitled to recover for

    (a)  Medical expenses past, present and future;
    (b)  Physical pain and suffering past, present and future;
    (c)  Residual disability past, present and future;
    (d)  Permanent disability, present and future;
    (e)  Mental anguish and emotion distress past, present and future;
    (f)  Lost Wages past, present and future;
    (g)  Impairment to earning capacity
    (h)  Loss of the Enjoyment of Life; and
    (i)  Any and all other damages which may be show at a trial hereof.
    See Petition at ¶ 8.

16. Thus, it is apparent from the face of the Petition that the amount in controversy exceeds the sum of $75,000.00, exclusive of costs and interest. Therefore, this action may be removed to this Court pursuant to 28 U.S.C. § 1441.

17. This civil action is one in which this court has original jurisdiction pursuant to 28 U.S.C. § 1332, in that it is a civil action between citizens of different states, wherein the amount in controversy exceeds the sum of $75,000.00, exclusive of costs and interest. Therefore, this action may be removed to this Court pursuant to 28 U.S.C. § 1441.

18. Pursuant to 28 U.S.C. § 1446(d), Plaintiff is being provided with a copy of this Notice of Removal, and a copy of this Notice of Removal is being filed with the Clerk of the Nineteenth Judicial District Court for the Parish of East Baton Rouge.

19. Pursuant to Rule 11 of the Federal Rules of Civil Procedure, undersigned counsel certify that they have read the foregoing Notice of Removal, that to the best of their knowledge, information, and belief formed after reasonable inquiry, it is well-grounded in fact and is warranted by existing law, and that it is not interposed for any improper purpose.

20. By filing this Notice of Removal John Christner Trucking, LLC and ACE do not waive and hereby reserve all defenses and objections to the *Petition* including but not limited to, lack of personal jurisdiction, improper venue, and insufficiency of process.

**WHEREFORE,** John Christner Trucking, LLC and ACE American Insurance Company request that this Court assume full jurisdiction over the cause herein as provided by law. This Court has jurisdiction over the dispute because all properly joined parties are completely diverse, and the jurisdictional amount has been met.

Respectfully Submitted,

/s/ William Barousse
ERNEST P. GIEGER, JR. (6154)
JOHN E.W. BAAY II (22928)
WILLIAM A. BAROUSSE (29748)
GIEGER, LABORDE & LAPEROUSE, L.L.C.
One Shell Square
701 Poydras Street, Suite 4800
New Orleans, Louisiana 70139-4800
Telephone: (504) 561-0400
Facsimile: (504) 561-1011
ATTORNEYS FOR JOHN CHRISTNER TRUCKING, LLC AND ACE AMERICAN INSURANCE COMPANY

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing Notice of Removal has been served upon:

J. Rodney Messina
(A Professional Law Corporation)
256 East Boulevard
Baton Rouge, LA 70802

by depositing same in the United States mail, postage prepaid and properly addressed this 17th day of March, 2010.

/s/ William Barousse